**FILED**

JUL 1 7 2012

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE KENNELLY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **12 CR 532** |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES CHARLESTON, | ) | Violations: Title 18, United States |
| JACQUELYN PUGH-RODGERS, and | ) | Code, Sections 1341, 661 and 2 |
| MARY CRAIGEN | ) | |

MAGISTRATE JUDGE COLE

**COUNT ONE**

The SPECIAL FEBRUARY 2011-1 GRAND JURY charges:

1.      At times material to this Indictment:

a.      The American Federation of Government Employees Local 2107 (the "Union"), was a labor organization subject to the Civil Service Reform Act of 1978 that was required to file Form LM-3 reports with the United States Department of Labor each fiscal year;

b.      The Union's office was located in North Chicago, Illinois, on the campus of the VA Medical Center;

c.      Defendant JAMES CHARLESTON ("CHARLESTON") was the Union's president from approximately 2002 until approximately February 2010;

d.      Defendant JACQUELYN PUGH-RODGERS ("PUGH-RODGERS") was the Union's vice president from approximately 1996 until approximately 2008, and thereafter continued to perform the functions of vice president for the Union until approximately late 2009;

e.      Defendant MARY CRAIGEN ("CRAIGEN") was the Union's secretary treasurer from approximately 2005 until approximately May 2011;

f.      Pursuant to the Union's governing documents, CHARLESTON, PUGH-RODGERS, and CRAIGEN were authorized to use Union money and property solely for the benefit of the Union and its members. In addition, pursuant to the Union's governing documents, defendants were required to, among other things: maintain receipts for disbursements of Union funds; record the purpose of each disbursement of Union funds in the Union's financial records; and present all disbursements of Union funds to the membership;

g.      The Union maintained multiple bank accounts, including account XXXXXX3445 (the "3445 Account") and account XXXXX9600 (the "9600 Account"), at First Midwest Bank in or around North Chicago, Illinois. CHARLESTON, PUGH-RODGERS, and CRAIGEN were signatories on these accounts, and had debit cards linked to the 3445 Account (the "3445 Debit Cards"). The Union issued checks drawn on the 9600 Account, and such checks required signatures from two of the three defendants;

h.      The 9600 Account was primarily funded by dues paid by the members of the Union, which were deposited into the 9600 Account. The 3445 Account was primarily funded by transfers of money from the 9600 Account; and

i.      The Union received account statements from First Midwest Bank for the 3445 Account and 9600 Account by United States mail.

2.      Beginning in or about May 2005, and continuing until in or about January 2010, at North Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAMES CHARLESTON,
JACQUELYN PUGH-RODGERS, and
MARY CRAIGEN,

defendants herein, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property of the Union by means of materially false and fraudulent pretenses, representations, promises, and material omissions, which scheme is further described in the following paragraphs.

3.      It was part of the scheme that CHARLESTON, PUGH-RODGERS, and CRAIGEN made and caused to be made disbursements, withdrawals, transactions and purchases from the Union's 3445 Account and 9600 Account for their personal benefit and not for legitimate, Union-related purposes.

4.      It was further part of the scheme that CHARLESTON, PUGH-RODGERS, and CRAIGEN fraudulently used the 3445 Debit Cards at Automated Teller Machines ("ATMs") located in casinos and elsewhere, to make cash withdrawals from the Union's 3445 Account and used the cash for their personal benefit.

5.      It was further part of the scheme that CHARLESTON, PUGH-RODGERS, and CRAIGEN fraudulently used the 3445 Debit Cards to make purchases of goods and services for their personal benefit, including purchases at gas stations, automobile repair shops, stores, and restaurants.

6. It was further part of the scheme that CHARLESTON, PUGH-RODGERS, and CRAIGEN signed checks drawn on the Union's 9600 Account that were made payable to themselves, and thereafter used the proceeds of these checks for their personal benefit.

7. It was further part of the scheme that for the purpose of concealing the scheme so that they could continue to use Union money and property for their own benefit rather than for legitimate, Union-related purposes:

a. CHARLESTON, PUGH-RODGERS, and CRAIGEN left the memo line of certain Union checks made payable to themselves blank;

b. CHARLESTON, PUGH-RODGERS, and CRAIGEN wrote false explanations in the memo line of certain Union checks made payable to themselves, when in fact, the defendants fraudulently issued these checks to themselves for their own benefit;

c. CHARLESTON, PUGH-RODGERS, and CRAIGEN prepared and caused to be prepared fictitious financial records for the Union's 3445 Account using monthly account statements for the 3445 Account. These fictitious financial records included false and fraudulent explanations for certain cash withdrawals that defendants made with their 3445 Debit Cards in 2008 in order to make those withdrawals appear to be legitimate, Union-related disbursements; and

d. CHARLESTON, PUGH-RODGERS, and CRAIGEN prepared and caused to be prepared Form LM-3 reports for fiscal years 2006, 2007, and 2008 which falsely inflated the amounts of disbursements purportedly made to other Union members in order to conceal the disbursement of Union money for non-Union related purposes to

CHARLESTON. CHARLESTON and CRAIGEN signed the false LM-3 reports and submitted and caused to be submitted the false Form LM-3 reports to the Department of Labor.

8.      It was further part of the scheme that defendants did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden the purposes and acts done in furtherance of the scheme.

9.      It was further part of the scheme that, by the above means, CHARLESTON, PUGH-RODGERS, and CRAIGEN fraudulently converted approximately $124,000 of funds belonging to the Union to their personal benefit.

10.      On or about September 30, 2008, at North Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAMES CHARLESTON
JACQUELYN PUGH-RODGERS
MARY CRAIGEN,

defendants herein, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be delivered by United States mail, according to the directions thereon, an envelope addressed to the Union, at 3001 Greenbay Road, North Chicago, Illinois, which envelope contained a bank statement for the time period of approximately August 30, 2008, through approximately September 30, 2008, for the Union's 3445 Account;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWO

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.     The allegations in paragraphs 1-9 of Count One of this indictment are incorporated here.

2.     On or about October 31, 2008, at North Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAMES CHARLESTON
JACQUELYN PUGH-RODGERS
MARY CRAIGEN,

defendants herein, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be delivered by United States mail, according to the directions thereon, an envelope addressed to the Union, at 3001 Greenbay Road, North Chicago, Illinois, which envelope contained a bank statement for the time period of approximately October 1, 2008, through approximately October 31, 2008, for the Union's 3445 Account;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THREE

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

Beginning no later than in or about July 2007, and continuing through approximately in or about January 2010, at North Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JAMES CHARLESTON,

defendant herein, within the special maritime and territorial jurisdiction of the United States, namely, at 3001 Green Bay Road, North Chicago, Illinois, and elsewhere, did take and carry away, with intent to steal or purloin, personal property of another, namely more than $1,000 in funds belonging to the American Federation of Government Employees Local 2107;

In violation of Title 18, United States Code, Sections 661 and 2.

## COUNT FOUR

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

Beginning no later than in or about July 2007, and continuing through approximately in or about 2009, at North Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JACQUELYN PUGH-RODGERS,

defendant herein, within the special maritime and territorial jurisdiction of the United States, namely, at 3001 Green Bay Road, North Chicago, Illinois, and elsewhere, did take and carry away, with intent to steal or purloin, personal property of another, namely more than $1,000 in funds belonging to the American Federation of Government Employees Local 2107;

In violation of Title 18, United States Code, Sections 661 and 2.

## COUNT FIVE

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

Beginning no later than in or about July 2007, and continuing through approximately in or about January 2010, at North Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MARY CRAIGEN,

defendant herein, within the special maritime and territorial jurisdiction of the United States, namely, at 3001 Green Bay Road, North Chicago, Illinois, and elsewhere, did take and carry away, with intent to steal or purloin, personal property of another, namely more than $1,000 in funds belonging to the American Federation of Government Employees Local 2107;

In violation of Title 18, United States Code, Sections 661 and 2.

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2011-1 GRAND JURY further alleges:

1.     The allegations contained in Counts One and Two of this Indictment are incorporated here for the purpose of alleging that certain property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section 2461(c).

2.     As a result of their violations of Title 18, United States Code, Section 1341, as alleged in the foregoing Indictment,

JAMES CHARLESTON

JACQUELYN PUGH-RODGERS, and

MARY CRAIGEN

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1), and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offenses.

3.     The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section 2461(c) include, but are not limited to approximately $124,000.

4.      If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

      (a)      Cannot be located upon the exercise of due diligence;

      (b)      Has been transferred or sold to, or deposited with, a third party;

      (c)      Has been placed beyond the jurisdiction of the Court;

      (d)      Has been substantially diminished in value; or

      (e)      Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property, under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY